IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                    Criminal No. 22-115

TON HUYNH BUI

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

AND NOW comes the United States of America by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Stephen R. Kaufman, Assistant United States Attorneys for said district, and represents as follows:

### BACKGROUND

Vulnerable victims all across the United States, often elderly people, were convinced through various nefarious means, including computer pop-ups followed by telephone calls, to send their money to bank accounts created with stolen Personally Identifiable Information (PII).  The victims who actually lost money will be referred to as "loss victims," and the individuals whose identifying information was used to set up the PII accounts will be referred to as "PII victims."

After the money was transferred by the loss victim to the PII account, it was then quickly removed from the PII accounts by persons such as Ton Huynh Bui (Bui).  Bui was recruited to participate in the fraud scheme by its leader, Thien Phuc Tran (Tran). Tran would provide account information for specified PII accounts to Bui and others, such as Thien Nguyen (Nguyen) , who would then use the account information to make payments on their credit cards and mortgages. Bui would then transmit the bulk of the funds that he received to Tran, thus laundering the funds.

Bui's residence in California was searched on May 2022 pursuant to a federal search warrant.  Approximately $13,975 in cash and a large amount of jewelry and gold bars were seized.

Also obtained were electronic devices which contained relevant evidence.

On October 4, 2023, the defendant pleaded guilty to Count Two of a two-count Indictment charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).   In the plea agreement, the parties agreed upon a loss amount range of $150,000 to $250,000.   The parties agreed that the final offense level was 17 which, when combined with a Criminal History Category I, produced a guideline range of 24 to 30 months of imprisonment.

## NEW SECTION 4C1.1 OF THE SENTENCING GUIDELINES

New Section 4C1.1 of the Sentencing Guidelines took effect on November 1, 2023.   It provides that "zero point" offenders, that is, defendants with zero criminal history points as calculated under Chapter 4 of the Sentencing Guidelines, are entitled to a two (2) level reduction in their offense level.   This new two-level reduction is to be applied after all Chapter 2 and 3 adjustments are made.

Defendant Bui has zero criminal history points per the Presentence Investigation Report (PSIR) and the parties agree.   The only provision which could possibly disqualify Bui from application of the new guideline is Section 4C1.1(a)(6), which provides: "the defendant did not personally cause substantial financial hardship."

Bui was certainly a member of a wide-ranging conspiracy which caused substantial financial hardship to many victims.   However, because he participated as a launderer of money, and did not directly communicate with (or even know the identity of) the loss victims, there is a question of whether he "personally" caused substantial financial hardship.  As the provision is brand new, the government has no authority to cite for the principle that a money launderer, who did not deal even indirectly with the loss victim, "personally" caused substantial financial harm. Therefore, at this juncture the government will not contest the applicability of Section 4C1.1 to

2

the calculation of Bui's sentence.  Lowering the offense level of 17 by two levels results in a final offense level of 15 and a guideline range of 18 to 24 months.

<strong>RELEVANT SECTION 3553(A) FACTORS</strong>

The government will succinctly set forth its position with respect to the Section 3553(a) factors relevant to this case:

1. **The Nature and Circumstance of the Offense**

Bui was a member of a wide-ranging criminal scheme which defrauded many victims of funds.  He was directly connected to Thien Phuc Tran, the leader of the money laundering side of the scheme.  He was directly involved in laundering between $150,000 to $250,000, which is certainly a significant sum.  The money laundering aspect of this criminal activity has made it difficult to identify all of the participants in the scheme and to trace the flow of fraudulently obtained funds.  Finally, he personally benefitted by using money to which he had no entitlement to make payments on his credit cards and residential mortgage.

2. **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

Noted scholars and judges have endorsed the view that white collar crimes may be effectively deterred by appropriate sentences.  See Stephanos Bibas, White-Collar Plea Bargaining & Sentencing After Booker, 47 Wm. & Mary L. Rev. 721, 724 (2005) ("[W]hite-collar crime is more rational, cool, and calculated than sudden crimes of passion or opportunity, so it should be a prime candidate for general deterrence.  An economist would argue that if one increased the expected cost of white-collar crime by raising the expected penalty, white-collar crime would be unprofitable and would thus cease."); United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crimes therefore can be affected and reduced with serious punishment."); United States v.

Musgrave, 761 F.3d 602, 609 (6th Cir. 2014) (holding that economic and fraud-based crimes are prime candidates for general deterrence).

In the internet age, scams abound and sometimes it seems that little can be done to combat them – the perpetrators are usually difficult to identify, and many reside overseas.  Therefore, when a scheme is uncovered, like this one, which involves millions in fraud, it is important that every participant in the conspiracy receive just punishment to serve as a deterrent to others.

    3.    **The Need to Avoid Unwarranted Sentencing Disparities**

The government submits that Bui is less culpable than Tran, and of roughly equal culpability to Nguyen.  As the Court knows, co-defendant Tien Nguyen (Criminal No. 23-30) was sentenced on November 7, 2023, to four (4) months imprisonment and three (3) years of supervised release on his guilty plea to an Information charging him with money laundering, in violation of 18 U.S.C. § 1957(a).

    4.    **The Need to Provide Restitution**

In the plea agreement, the parties agreed to recommend a restitution amount of $194,278.45.   Therefore, the government seeks an order of restitution in the amount of $194,278.45, which should be distributed proportionately to the amounts set forth in the chart below, which includes fraud loss victims and amounts generated by Tran, Bui and previously sentenced co-defendant Nguyen in this investigation:

| Name on Account (PII Victims) | Financial Institution | Fraud Loss Victims (Wires into accounts) | Victim Loss Amount |
|---|---|---|---|
| (not identified) | | C.S. Allison Park, PA | $1,288,073.00 |
| (not identified) | | J.K. West Mifflin, PA | $2,500.00 |
| (not identified) | | J.V. Bennington, VT | $950,000.00 |
| (not identified) | | M.L. Minerva, OH | $52,000.00 |
| (not identified) | | D.B. San Jose, CA | $100,000.00 |
| (not identified) | | M.D. White Plains, NY | $60,000.00 |
| (not identified) | | D.D.N. Bradenton, LA | $85,000.00 |
| C.M. Groton, MA | Charles Schwab | N.R. London, Ontario CA | $15,362.16 |
| | | J.L.S. Monroe, UT | $22,600.00 |
| | | S.C. Elkins Park, PA | $7,150.00 |
| M.F. Millbury, MA | Charles Schwab | V.V.D. Miami Shores, FL | $25,000.00 |
| R.K . Scarborough, ME | Charles Schwab | C.S. & R.S. Rincon, GA | $4,891.00 |
| M.G. Hickory, NC | Charles Schwab | E.M.L. Fort Wayne, IN | $47,700.00 |
| | | C.R.J. Brick, NJ | $9,886.00 |
| | | L.S.K. Greenville, NY | $5,000.00 |
| L.S. Orlando, FL | Charles Schwab | W.A.D. Tallahassee, FL | $7,000.00 |
| | | A.L.F. & D.L.F. De Kalb Junction, NY | $6,000.00 |
| A.B. San Jose, CA | Charles Schwab | S.F.D. Deer Park, CA | $20,000.00 |
| G.L. Auburn, MA | Wells Fargo | D.C.F. Ashland, OR | $25,000.00 |
| | | A.P. Chatsworth, CA | $9,233.00 |
| S.A.D. Tulare, CA | Wells Fargo | P.L.W. Rochester Hills, MI | $19,700.00 |
| M.M. Dallas, GA | Wells Fargo | H.H.K. Trust Honolulu, HI | $34,600.00 |

The above chart, using initials, identifies the PII victims, who did not lose any money, and the loss victims, who did.  As shown, the perpetrators set up accounts at Charles Schwab and Wells Fargo, using the names of the PII victims, and then the funds fraudulently obtained from the loss victims were sent to the PII accounts.  Tran obtained information regarding all of the above accounts from co-conspirators in India which he transmitted to his co-conspirators in the United States, which enabled Bui, Tran and others to use the funds for their own personal benefit.

WHEREFORE, for the reasons set forth above, the Court is respectfully requested to impose a fair and just sentence, and order restitution in the amount of $194,278.45.  The government does not seek imposition of a fine as all available funds should go toward restitution.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

By:      */s/ Robert S. Cessar*_____
ROBERT S. CESSAR
Assistant U.S. Attorney
PA ID No. 47736


*/s/ Stephen R. Kaufman*_____
STEPHEN R. KAUFMAN
Executive Assistant U.S. Attorney
PA ID No. 42108